FRANK GLYNN, PLAINTIFF-RESPONDENT, v. JOHN CARR, DEFENDANT-APPELLANT.

Submitted May 7, 1946—Decided July 22, 1946.

Before CASE, CHIEF JUSTICE, and Justices HEHER and COLIE.

For the plaintiff-respondent, *Matthew F. Melko.*

For the defendant-appellant, *Paul C. Kemeny.*

PER CURIAM.

The defendant below appeals from a judgment for $700, plus interest, entered against him on a verdict in the Middlesex County Court of Common Pleas. Plaintiff sued on an oral contract for the sale of plaintiff's automobile service station business together with stock of merchandise to the defendant for the sum of $700 cash plus the inventory value of the stock and merchandise on hand. The complaint alleged full performance by plaintiff and grounded in that allegation.

One of the grounds of appeal is the refusal of the trial court to grant a nonsuit.

The following allegations appear in both counts of plaintiff's complaint: "* * * plaintiff agreed to sell his automobile service station business together with his stock of merchandise * * * to the defendant for the sum of $700 cash plus dollar for dollar for the value of the stock of merchandise * * *." "The plaintiff * * * did and performed all things required to be done and performed by the agreement." The fact is that plaintiff did not fully perform. Before the transaction got to the point of conveyance the parties disagreed on the amount of the sale price. The stock

was inventoried to the mutual satisfaction of the parties at $964. Defendant refused to pay more than that sum, and plaintiff refused to convey for less than that sum plus $700. The parties were at an impasse. The result was that the Gulf Oil Corporation, owner of the premises and leasor under a lease which permitted either party to terminate the tenancy at the end of any month on ten days' notice, stepped in and bought back the stock from plaintiff at the inventory value, paid plaintiff for the same and then sold to the defendant who went into occupancy under a lease between him and the company. It came out in the testimony of plaintiff that the $700 item was for good will, which he appears to have conveyed to no one. Perhaps plaintiff had a cause of action for damages caused by defendant's breach; but he did not sustain the theory upon which he sued, namely, the recovery of a balance due upon a contract fully executed except for the payment by the defendant of the liquidated sum.

The trial court considered that there was a fact question as to whether the transactions with the Gulf Oil Corporation were a means adopted by the parties for the performance of the contract. We are of the opinion that the proofs do not sustain that view. The crux of the case is found in the following testimony by plaintiff:

"Mr. Sedden [viz., the Gulf Oil Corporation] said, well, the only thing to do is for the Gulf Oil to take back the stock, and they would send me a check, and whatever lawsuit or anything was brought would have to be between Carr and myself."

Appellant's remaining points, in so far as they rest on well stated grounds, go to the court's charge or refusal to charge and are substantially disposed of by the above holding. Many of his grounds of appeal fall because they are improperly stated or do not specify judicial error.

The judgment below will be reversed.